IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KING EDWARD SHERMAN, JR.,

      Plaintiff,

v.                              CASE NO. 5:18-cv-42-MCR-GRJ

JERRY BASFORD and
LARRY BASFORD,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a civil rights complaint pursuant to

42 U.S.C § 1983 and is proceeding pursuant to an amended complaint,

ECF No. 5.  Plaintiff also seeks leave to proceed as a pauper, ECF No. 4.

The Court finds that leave to proceed as a pauper should be granted for

the limited purpose of dismissing this case pursuant to 28 U.S.C.

§ 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be

granted.[1]

Plaintiff is serving a sentence in the custody of the Florida

Department of Corrections for a 2011 Jackson County conviction of

_____

[1]Because the Court concludes that Plaintiff's claims primarily sound in habeas corpus, the Court will not impose a fee pursuant to the installment-fee provisions of the PLRA.

burglary of an unoccupied dwelling and trafficking in stolen property.  That conviction is presently before the Court pursuant to Plaintiff's habeas corpus petition.  *See Sherman v. Sec'y, Dept. of Corr.*, Case No. 5:17-cv-204-MCR-GRJ (N.D. Fla.) (ECF No. 1).

In the instant civil rights case, Plaintiff seeks relief in connection with the criminal proceedings underlying his conviction.  Specifically, Plaintiff alleges that Jackson County Investigator Jerry Basford executed an affidavit in support of the criminal complaint that initiated the charges against Plaintiff.  Plaintiff alleges that the affidavit was invalid because it was unsworn or improperly sworn.  Plaintiff alleges that Basford's actions in executing the affidavit amounted to fraud, misrepresentation, forgery, falsifying records, obstruction of justice, and false impersonation.  For relief, Plaintiff seeks "reverse, remand to vacate judgment and sentence." ECF No. 5 at 6-8.

A civil rights action is not the proper vehicle for challenging the state court process that concluded with Plaintiff's conviction and sentence. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is

a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

It is clear that Plaintiff's claims implicate the fact or duration of his present

confinement, and therefore such claims go to the very heart of habeas

corpus and are not properly raised in a civil rights complaint.

Plaintiff does not make a claim for damages in his complaint.  To the

extent that Plaintiff believes he is entitled to civil damages in connection

with his current conviction due to Investigator Basford's actions, his civil

rights claims would be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994),

which prevents state prisoners from pursuing § 1983 actions that, if

successful, would necessarily imply the invalidity of a conviction.  Success

on Plaintiff's claims against Basford would necessarily imply the invalidity

of Plaintiff's conviction.  There is nothing in Plaintiff's complaint that

suggests his claims would not be barred by *Heck v. Humphrey*.   Plaintiff

cannot pursue a civil claim for damages on the grounds alleged in the

complaint, absent a showing that he has successfully obtained relief from

his conviction in state court or in a habeas corpus proceeding.

Accordingly, for the foregoing reasons, it is **ORDERED** that Plaintiff's

motion to proceed as a pauper, ECF No. 4, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case should be

**DISMISSED** without prejudice for failure to state a claim pursuant to 28

U.S.C. § 1915(b)(2)(B)(ii) because Plaintiff's claims sound only in habeas

corpus and alternatively are barred by *Heck v. Humphrey*.

   **IN CHAMBERS**, at Gainesville, Florida, this 30th day of March 2018.


                    *s/Gary R. Jones*
                    GARY R. JONES
                    United States Magistrate Judge



## NOTICE TO THE PARTIES

   **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**